IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cr. No. 05-35 Erie |
| | ) | (Civ. No. 10-71 Erie & 10-234 Erie) |
| BUWLUS ABDUL MUHAMMAD, | ) | |
| Defendant. | ) | |

## OPINION & ORDER

Before the Court are the following pleadings seeking post-sentence relief filed by Petitioner Buwlus Muhammad:

- Motion for Correction of an Illegal Sentence Pursuant to Fed. R. Crim. P. Rule 35(A) (ECF No. 173);

- Motion to Vacate under 28 U.S.C. 2255 entitled as "Writ of Habeas Corpus pursuant to an illegal and unreasonable sentence, under 28 U.S.C.A. 2255" (ECF No. 175); (also filed at Civ. No. 10-71 Erie)

- "Petitioner's First Amended Pleading Pursuant to Vacate Conviction 28 U.S.C. 2255, and Fed. R. Civ. P. 15(A)" (ECF No. 177);

- "Petitioner's Motion in Request for a Evidentiary Hearing and Appointment of Counsel" (ECF No. 182);

- An additional Motion to Vacate entitled "Petition for Habeas Corpus Relief . . . Under 28 U.S.C.A. 2255 By A Federal Prisoner" (ECF No. 183); (also filed at Civ. No. 10-234 Erie)

- "Petitioner's Motion in Request for a Evidentiary Hearing and Appointment of Counsel" (ECF No. 184);

- "Petitioner's First Amended Petition . . . Under Fed. R. Civ. P. 15(A)(1)" (ECF No. 185);

- "Petitioner's Motion for Leave to Amend 2255 Motion . . . under Fed. R. Civ. Proc., Rule 15(A)" (ECF No. 186).

## I. Background

Mr. Muhammad was charged with five counts of mailing threatening communications in violation of 18 U.S.C. § 876, as a result of sending five envelopes containing a solid, white powder to three Common Pleas Court Judges, the Erie County District Attorney's Office, and the Mayor of Erie, Pennsylvania. On August 20, 2007, Mr. Muhammad was convicted by a jury of all five counts.

The maximum statutory sentence for a violation of 18 U.S.C. § 876 is 60 months' imprisonment. On December 5, 2007, we granted the government's motion for an upward departure and sentenced Mr. Muhammad to a total term of imprisonment of 175 months. The sentence consisted of 60 months at Count 1, 60 months at Count 2, and 55 months at Count 3 to be served consecutively (amounting to 175 total months), and 60 months at Count 4 and 60 months at Count 5, to be served concurrently to the sentences imposed at Counts 1 and 2. Mr. Muhammad timely filed an appeal to the United States Court of Appeals for the Third Circuit, which affirmed the judgment in an Opinion dated June 25, 2009. United States v. Muhammad, 336 Fed.Appx. 188 (3d Cir. 2009).

## II. Standard of Review under 28 U.S.C. §2255

Section 2255 of Title 28 of the United States Code provides a means of collaterally attacking a sentence imposed after a conviction. United States v. Cannistraro, 734 F.Supp. 1110, 1119 (D. N.J. 1989), *aff'd*, 919 F.2d 133 and 919 F.2d 137 (3d Cir. 1990), *cert. denied*, 500 U.S. 916. Pursuant to 28 U.S.C. §2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the

2

rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997), citing Hill v. United States, 368 U.S. 424, 428 (1962).

When a Motion is made under 28 U.S.C. §2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the Petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record. United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the petitioner is not entitled to relief. Id.; United States v. Gordon, 979 F.Supp. 337, 339 (E.D. Pa. 1997).

We find no need for an evidentiary hearing as the record conclusively establishes that Mr. Muhammad is not entitled to the relief sought in the petition. 28 U.S.C. § 2255. Accordingly, we will deny his motions for an evidentiary hearing.

### III. Discussion

Mr. Muhammad asserts the following grounds for relief in his several pleadings.

1. His sentence violated a substantial right under the Due Process clause and the Ex Post Facto Clause of the United States Constitution because an earlier version of the Sentencing Guidelines should have been used.

2. His sentence improperly constitutes double jeopardy due to an "impermissible multiplicity under the same conduct type of crime," a claim that his conviction's should have been grouped rather than considered separately.

3. Violation of a Substantial Right against Unconstitutional Prohibited Ban against Freedom of Expression arguing that he had a First Amendment right to express his civil disobedience through the mailings.

4. Violation of Rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution Depriving Mr. Muhammad of a Fair and Impartial Jury Trial because he was not permitted to properly pursue a defense theory of duress.

5. Violation a substantial right to Due Process under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution because the victim in Count 3 testified that she did not perceive the mailing as a threat.

6. Prosecutorial Misconduct through Pre-indictment Delay.

7. Lack of Subject Matter Jurisdiction.

Mr. Muhammad is procedurally barred from raising his asserted claims. Such claims were not raised on direct appeal and as such are defaulted and may not be raised in a section 2255 motion expect under specific circumstances.

On appeal Mr. Muhammad raised the following claims:

1. whether the District Court abused its discretion in denying Muhammad's motion for a mistrial in response to the conduct of one juror;

2. whether Muhammad's indictment and conviction violate the Ex Post Facto Clause or Due Process Clause of the Constitution;

3. whether the prosecuting attorney engaged in misconduct before the grand jury.

4. there was insufficient evidence to establish that he knowingly deposited the threatening communication;

5. there was insufficient evidence to prove that a threat was made;

6. the prosecuting attorney engaged in misconduct in his closing argument;

7. the judge engaged in misconduct that prejudiced Defendant;

8. the District Court abused its discretion when it permitted expert testimony;

9. the District Court abused its discretion when it permitted the government to play a video for the jury;

10. the District Court erred in denying Muhammad's motion to suppress certain evidence; and

11. the term of imprisonment of 175 months was excessive.

Muhammad, 336 Fed.Appx. at 189 & n1.

All of Mr. Muhammad's issues he raises now could have been raised on direct review but were not; therefore they are procedurally barred. Bousley v. United States, 523 U.S. 614, 621 (U.S. 1998). Thus, these claims are procedurally barred and must be dismissed unless Mr. Muhammad can show cause and prejudice, or actual innocence.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley, 523 U.S. at 622 (citing Murray v. Carrier, 477 U.S. 478, 485 & 496 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); and Smith v. Murray, 477 U.S. 527, 537 (1986); see also United States v. Frady, 456 U.S. 152, 167-68 (1982)).

To show cause, the petitioner "must establish that 'some external impediment' prevented him from raising the claim." Wise v. Fulcomer, 958 F.2d 30, 34 n. 9 (3d Cir. 1992 ) (quoting McClesky v. Zant, 499 U.S. 467 (1991); see also Frady, 456 U.S. at 170). "Prejudice exists where 'errors at trial . . . worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions.'" Coleman v. Thompson , 501 U.S. 722, 753 (1991); Murray v. Carrier, 466 U.S. 478, 494 (1986); see also Frady, 456 U.S. at 170.

"Actual innocence" is concerned, with actual, as opposed to legal, innocence. Calderon v. Thompson, 523 U.S. 538, 559 (1998). "To establish actual innocence, petitioner must demonstrate that, ' "in light of all the evidence,"' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995)).

Mr. Muhammad is unable to establish cause and prejudice and has pointed to no evidence to establish that he is actually innocent. We note that a common thread that Mr. Muhammad has persistently pursued throughout his indictment, trial, sentence, and post-sentence motions is that that the mailings in this case did not contain a substance that could in reality harm someone and that the purpose of sending the mailings was an expression of civil disobedience, rather than having a criminal purpose. To no avail Mr. Muhammad has failed to understand that despite the fact that the mailings did not contain anthrax and despite that his intention was an act of civil disobedience, the evidence at trial established that the acts he engaged in were a criminal violation.

5

Were we to reach the merits of Mr. Muhammad's claims we would deny them. However, we conclude that all of his claims are procedurally barred and therefore we will deny his motions.

### C. Certificate of Appealability

A court should issue a certificate of appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this burden by showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). We find that jurists of reason would not find it debatable whether Mr. Muhammad states a valid claim of the denial of a constitutional right and jurists of reason would not find it debatable whether we were correct in concluding that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

### IV. Conclusion

Mr. Muhammad's section 2255 motion will be denied, and a certificate of appealability will not be issued.

Accordingly, the following order is therefore entered.

AND NOW, to-wit, this ___8th___ day of August, 2011, for the reasons stated above, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Petitioner's Motion for Correction of an Illegal Sentence Pursuant to Fed. R. Crim. P. Rule 35(A) (ECF No. 173) is DENIED;

2. Petitioner's Motion to Vacate under 28 U.S.C. 2255 (ECF No. 175) (filed as Civ. No. 10-71 Erie) is DENIED;

3. Petitioner's Motion to Vacate Under 28 U.S.C.A. 2255 By A Federal Prisoner (ECF No. 183) (filed as Civ. No. 10-234 Erie) is DENIED;

4. Petitioner's Amended Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 185);is DENIED;

5. Petitioner's Motions in Request for a Evidentiary Hearing and Appointment of Counsel (ECF Nos. 182 and 184) are DENIED;

6. Petitioner's Motion for Leave to his Amend 2255 Motion (ECF No. 186) is granted insofar as we permit the amendment but is otherwise DENIED.

7. The court declines to issue a Certificate of Appealability.

                                                                                   _/s/ Maurice B. Cohill, Jr._
                                                                   Maurice B. Cohill, Jr.
                                                                   United States District Court Judge

cc:     Buwlus Muhammad, pro se
        No. GA-4761
        SCI CRESSON
        P.O. BOX A
        Old Route 22
        CRESSON, PA 16699

        counsel of record